COMUNIDAD AGRÍCOLA BIANCHI and MARYLAND CASUALTY COMPANY, Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, AGUADILLA PART, ROBERTO VERAY TORREGROSA, JUDGE, Respondent.

No. O-70-13. Decided November 2, 1970.

*Martínez Muñoz, Agraít, Oliveras & Otero* and *Manuel A. García Hermida* for petitioners. *Ramón Torres Rodríguez* for intervener.

PER CURIAM: We issued the writ to review the decision of the trial court to the effect that the action for damages was filed in this case within the term of one year as provided by § 1868 of the Civil Code in force (31 L.P.R.A. § 5298). Considering that we concluded that said action was filed after said term had expired, the judgment rendered by the trial court will be reversed.

On March 31, 1969, Nicolasa Carrero Valentín filed a complaint for damages in the Superior Court, Aguadilla Part, against petitioners, claiming the damages sustained as a consequence of an accident which occurred on March 28, 1968. Petitioners filed a motion for Summary Judgment where they alleged that since the accident had occurred on March 28,

1968, and since the complaint had been filed on March 31, 1969, the claim filed by plaintiff had prescribed according to law. After arguing said motion, the Superior Court, Aguadilla Part, denied the motion for summary judgment concluding that the year provided by law for the prescription of plaintiff's action had not elapsed. The motion for reconsideration was also denied.

In its order denying the motion for summary judgment, the Superior Court relies on the fact that § 1868 of the Civil Code of Puerto Rico (31 L.P.R.A. § 5298) provides that the actions to demand civil liability for obligations arising from fault or negligence prescribe one year after the damages are sustained; that § 388 of the Political Code of Puerto Rico (1 L.P.R.A. § 72) provides that the time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded. So that since the accident occurred on March 28, 1968, it is not until March 29, 1968, that the year starts to run, year which ends on March 29, 1969, but since this last day is a Saturday and the courts do not work on Saturdays and even less on Sundays, March 31 was the last day when the complaint could be filed, as in effect it was filed.

In *Secretary of Labor* v. *Superior Court*, 95 P.R.R. 134 (1967), we reaffirmed what we said in *Escalera* v. *Andino*, 76 P.R.R. 251 (1954), that is, that

". . . [p]roceeding from the last provision of § 8 of our Civil Code providing that if the months comprised within the period are determinable as independent units, they shall be computed by the days which they respectively contain, and considering the application of the Gregorian four-year period to our country for leap years, we adopt the local rule that legal year shall consist of 365 days, provided it is not a leap year, and of 366 days if the month of February of a leap year is comprised within the period."

See, also, *Sec. of Labor* v. *Superior Court*, 91 P.R.R. 831, 833 (1965); *Sánchez* v. *Cooperativa Azucarera*, 66 P.R.R. 330, 333 (1946); 1 Manresa, *Comentarios al Código Civil Español* 209, 7th ed.; 1 Scaevola, *Código Civil* 267, 268, 6th ed.

 From the date of the accident in the instant case, March 28, 1968, and starting to count from, and including March 29, 1968, in the computation, the term of 365 days expired on March 28, 1969, which was Friday, that is, a working day. Since the complaint was filed on the following Monday, March 31, 1969, the action had prescribed. The trial court erred in failing to render the summary judgment as requested. Said computation is not affected by the fact that 1968 is a leap year since February of that year is not comprised within the aforementioned term of 365 days.

Therefore, the order entered by the trial court on June 3, 1969, will be reversed, and judgment will be rendered instead dismissing the complaint in this case.

The Chief Justice, Mr. Justice Hernández Matos, and Mr. Justice Martínez Muñoz did not participate herein.